**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

CASE NUMBER: - C/A No. 06-50567 Nevada - Involuntary Chapter 11
Transferred to 06-02474 M.D. of Florida Voluntary Chapter 7

ADVERSARY PROCEEDING NO: 06-80166

ORDER OF REMAND TO STATE COURT

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/02/2006**



                            US Bankruptcy Court Judge
                            District of South Carolina

Entered: 11/06/2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>E-Z Pay Services, Inc. et al,<br><br>　　　　　　　　　　　　Debtor(s). | C/A No. 06-50567<br>Nevada - Involuntary Ch 11<br>Transferred to<br>06-02474 M.D. of Florida<br>Voluntary Ch 7<br><br>Adv. Pro. No. 06-80166-DD |
| Davis & Dingle Dentistry, P.A.,<br>　　　　　　　　　　　　Plaintiff(s),<br>v.<br><br>E-Z Pay Services, Inc., d/b/a E-Z Pay Dental, E-Z Pay Medical And E-Z Pay Healthcare; Duvera Billing Services, LLC; Debra Distler; Alternative Debt Portfolios, L.L.C.; Alternative Debt Portfolios, L.P.; Lee Hovis; Eric Gangloff; Anders Hedqvist; Niels Anderson; Scott Vertrees; And Mydds.Com, Inc.,<br><br>　　　　　　　　　　　　Defendant(s). | **ORDER OF REMAND TO STATE COURT** |

THIS MATTER comes before the Court on the Motion to Remand filed by Davis & Dingle Dentistry, P.A. ("Plaintiff") in response to the Notice of Removal filed by Alternative Debt Portfolios, LLC and Alternative Debt Portfolios, L.P. (Collectively "ADP"). A hearing on this matter and on ADP's motion to transfer venue was held on September 12, 2006 and counsel for Plaintiff and ADP appeared. The Court has reviewed the pleading and has considered the arguments of counsel, the exhibits and the proffered testimony, and has determined that the case should be remanded to state court. In support of that determination, the Court makes the following findings of fact and conclusions of law.[1]

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

2

## FINDINGS OF FACT

On August 4, 2006, the Plaintiff filed suit against eleven (11) defendants, including the principals of ADP, Duvera Billing Services Inc. ("Duvera"), and E-Z Pay Services Inc. ("Debtor" or "E-Z Pay"), in the Richland County Court of Common Pleas, alleging causes of action for breach of contract and conversion ("State Court Action"). Also on August 4, 2006, an involuntary bankruptcy petition was filed against E-Z Pay in Nevada. On August 15, 2006, ADP removed the Plaintiff's State Court Action to this Court pursuant to 28 U.S.C. § 1452(a). On August 16, 2006, E-Z Pay filed a voluntary chapter 7 bankruptcy petition in Florida. On August 22, 2006 ADP filed a motion to transfer venue of this adversary proceeding to the U.S. Bankruptcy Court for the District of Nevada. At the hearing on September 12, 2006, counsel for ADP acknowledged that there was a pending motion to transfer the chapter 11 case in the District of Nevada to the Middle District of Florida. By order dated September 27, 2006, the United States Bankruptcy Court for the District of Nevada, Reno Division transferred the involuntary chapter 11 and all related cases to the Middle District of Florida. E-Z Pay is the only state court defendant that is a debtor in a bankruptcy case. Plaintiff has stipulated in its motion to remand and at the hearing that if the State Court Action is remanded to the Richland County Court of Common Pleas, it will immediately file a stipulation of dismissal against E-Z Pay, dismissing it from the State Court Action.

## CONCLUSIONS OF LAW

### *Jurisdiction*

ADP has removed the case from state court to bankruptcy court pursuant to 28 U.S.C. §1452, which provides that a party may remove a case to district court "*if such district court has jurisdiction of such claim or cause of action under §1334 of this title*" *(emphasis added).* 28 U.S.C. §1334(b) provides that "… the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under

3

title 11." The United States District Court for the District of South Carolina has a standing order of reference of all bankruptcy cases and matters to the United States Bankruptcy Court for the District of South Carolina

ADP asserts that the removal is appropriate because the State Court Action "arises under" and is "related to" Title 11. Cases that arise under Title 11 are core proceedings pursuant to 28 U.S.C. § 157(b)(2). *See Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 U.S. Dist. LEXIS 8168 (D.N.Y. 2004)(*quoting In re Leco Enterprises*, 144 B.R. 244 (D.N.Y. 1992))("A proceeding is encompassed within the bankruptcy court's core… jurisdiction 'if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case'"). This adversary proceeding does not arise under Title 11. The action is based on state law claims of breach of contract and conversion with no nexus to the bankruptcy court other than that one of eleven defendants is a debtor in a bankruptcy case. *See Id.* (Actions …for breach of contract and negligence under state law did not fit description of "core" proceeding under 28 USCS § 157(b)(2) since actions were perfectly ordinary state-law actions that invoked no aspect of bankruptcy law, that proceeded against numerous defendants who were not in bankruptcy and who were jointly and severally liable for all claims…).

In considering the question of "related to" jurisdiction, this Court is bound by the broad definition provided in *A.H. Robbins Co. Inc. v. Piccinin*, 788 F2d 994 (4th Cir. 1986):

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Application of this definition requires a determination as to whether the State Court Action would affect the handling and administration of the bankrupt estate. The State Court Action involves numerous contracts between Plaintiff, Debtor, ADP, as well as the other defendants. The state court litigation could have some impact upon the handling or

4

administration of the bankruptcy estate. Thus, the Court finds that "related to" jurisdiction is present in this case.

*Remand Pursuant to 11 U.S.C. §1452(b)*

United States Code 28 U.S.C. §1452(b) provides:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on *any equitable ground.* An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise any the court of appeals under §15(d), 1291 or 1292 of this title or by the Supreme Court of the United States under §1254 of this title (*emphasis added*).

One Court, in discussing related to jurisdiction and the propriety of remand, has held

> Congress has recognized that the bankruptcy jurisdiction, particularly in its "related to" aspect, is potentially so broad that federal courts require equally broad discretion to remand cases to the state courts where fairness and judicial efficiency will be better served by litigating the matters in state court than by sucking into the federal courts large and complex actions lacking any specifically federal component merely because they tangentially affect a bankrupt estate."

*Kerusa*, 2004 U.S. Dist. LEXIS 8168 (D.N.Y. 2004).

While the equitable grounds supporting remand are not specified in the statute, there are numerous instances in case law that provide examples justifying remand. Generally, courts consider "judicial economy, comity and respect for state court capabilities, and the effect on the administration of the estate." *In re Olympia Holding Corporation*, 215 B.R. 254, 256 (Bankr. M.D. Fla. 1997). Such analysis can include the following factors:

1. The effect on the efficient administration of the bankruptcy estate:
2. The extent to which issues of state law predominate;
3. The difficulty or unsettled nature of the applicable state law;
4. Comity;
5. The Degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
6. The existence of the right to a jury trial; and
7. Prejudice to the involuntarily removed parties.

*Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991).

The factors in the remand test indicate that remand is appropriate.

1.	Plaintiff's recovery from the non-debtor defendants may give rise to claims of those defendants against the Debtor. The Plaintiff has indicated in its pleadings and at the hearing that if remand is granted, it will immediately request dismissal of the Debtor from the State Court Action. Any claim for contribution or indemnification may give rise to a claim against the E-Z Pay estate. These are *potential claims* against the estate that may be asserted by the non-debtor defendants in the E-Z Pay Bankruptcy case independently from the state court litigation. The claims objection process will serve to provide E-Z Pay with a forum to dispute claims for contribution or indemnification. The Bankruptcy Court for the Middle District of Florida will have jurisdiction to resolve any dispute concerning these claims.

2.	The causes of action in the state court litigation sound in tort and contract under state law. This factor indicates remand.

3.	While the issues raised may not be particularly difficult or unsettled, they are state law issues and are better resolved in a state law forum. This factor indicates remand.

4.	Comity arises from the deference of one sovereign to another. In our system federal bankruptcy law coexists with state law on many levels. The state court can apply sovereignty and choice of law principles, and it does so on a regular basis. Since the underlying causes of action arise under state law, respect for the state sovereign recommends deference to it.

5.	The State Court Action, following dismissal of E-Z Pay, is only remotely related to the Bankruptcy, suggesting remand.

6.	The parties have a right to a jury trial. "[P]laintiffs' right to a jury trial would be more easily protected in state court because the right to jury trial in federal court would be in doubt and would require litigation…. [T]he right to a jury trial is 'precious,' and the 'constitutional importance of the right to jury trial should not be lightly weighed.'" *Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enters.)*, 222 B.R. 254, 258 (D. Md. 1998).

"Traditionally, a jury trial right has attached to [actions at law], and presumably Congress understood that judges would consider the preservation of the right to a jury trial to be an 'equitable ground' for remand." *Id*. This factor indicates remand.

7. The Plaintiff is prejudiced by the loss of its chosen forum. Under the present circumstances this Court gives weight to the Plaintiffs right to choose the forum in which it would like to prosecute its case. *See Spaulding v. Mingo County Bd. of Educ.*, 897 F. Supp. 284, 288 (D. W. Va. 1995)([G]reat weight is given to the plaintiff's chosen forum and legitimate doubts as to the existence of federal jurisdiction must be resolved against removal and in favor of remand). This factor would indicate remand.

Application of the factors in the remand test to the State Court Action indicates that remand is appropriate. These numerous equitable considerations persuade this Court that the State Court Action should be tried in its original forum.

Because the Court has determined these matters on the basis of 28 U.S.C. §1452(b) it need not reach Plaintiff's abstention arguments.[2] This determination renders ADP's motion to transfer venue moot.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Court remands the adversary proceeding to the Richland County Court of Common Pleas pursuant to 28 U.S.C. §1452(b), with the condition that within twenty (20) days from the entry date of this order, Plaintiff shall initiate dismissal of all E-Z Pay entities named in the State Court Action that are involved in the bankruptcy case. The Court reserves jurisdiction to enforce this requirement should Plaintiff fail to initiate dismissal of E-Z Pay.

**AND IT IS SO ORDERED.**
Columbia, SC
November 2, 2006

---

[2] "All remand decisions [need not] be justifiable under abstention law. 28 U.S.C.S. § 1452 itself provides the criterion for orders of remand, and it broadly states that a claim may be remanded on any equitable ground, i.e., as interpreted by some courts, any appropriate ground." *Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enters.)*, 222 B.R. 254 (D. Md. 1998).